IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YUNG LE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-01071-ALM |
| § | |
| LOCKHEED MARTIN CORPORATION, § | |
| § | |
| DEFENDANT. § | |

**JOINT REPORT OF INITIAL RULE 26(f) CONFERENCE**

The parties jointly submit this joint report of the initial Rule 26(f) conference, as required by the Court's April 6, 2023, Order Governing Proceedings (ECF 8).

**1.     Brief factual and legal synopsis of the case.**  This is an employment-related dispute.

Plaintiff alleges as follows: Plaintiff alleges that Defendant discriminated against Plaintiff because of his race and retaliated against Plaintiff for reporting and opposing race discrimination. Plaintiff alleges that Defendant has a pattern and practice of discriminating against Asian employees. The claim is based on 42 U.S.C. § 1981 and seeks damages and equitable relief under the statute.

Defendant alleges as follows: Lockheed Martin denies that it discriminated or retaliated against Plaintiff on the basis of his age, race, sex, or legally protected activity, or that it otherwise violated applicable law. Its actions with respect to Plaintiff were, in all instances, based on legitimate nondiscriminatory and nonretaliatory considerations. Lockheed Martin has asserted other defenses in its Answer.

1

2. **Jurisdiction.** The parties agree that the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. Lockheed Martin notes that it believes the Northern District of Texas is a more appropriate and convenient venue to litigate those claims, and therefore has moved to transfer the case to the Northern District of Texas.

3. **Correct names of the parties.** The parties to this action are correctly stated in the current caption.

4. **Related cases.** None.

5. **Initial mandatory disclosures.** The parties will submit their initial mandatory disclosures by May 8, 2023.

6. **Proposed scheduling order deadlines.** A proposed scheduling order is attached as Exhibit 1.

7. **Additional Rule 26(f) topics.**

   a. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.** Plaintiff anticipates conducting discovery as to Plaintiff's claims and Defendant's defenses. Defendant anticipates conducting discovery as to Plaintiff's allegations, damages, and mitigation efforts and doing so through written discovery and depositions of Plaintiff, witnesses identified by Plaintiff, and relevant non-party witnesses. The parties believe that discovery should be completed by September 22, 2023. The parties do not believe that discovery should be conducted in phases or otherwise limited.

   b. **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying**

**or culling the relevant and discoverable ESI.** The parties have agreed to initially produce paper or portable document format (.pdf) copies of a produced document that is stored in an electronic format. The parties do not anticipate any disputes regarding the disclosure or discovery of ESI at this time. Should a need to obtain the document in another format arise, the parties will discuss the matter, attempt to resolve it, and involve the Court only if necessary. The parties recognize that it may be necessary to produce a number of documents in their native format. For efficiency, the parties agree that they may produce documents electronically in a .pdf format via either CD, e-mail, flash drive, or secure FTP network.

        **c.**      **Rule 502(d) order and confidentiality (protective) order.** The parties agree that a protective order, ensuring confidentiality of the information produced in discovery, is appropriate in this case. The parties will attempt to reach an agreement on an order and submit the proposed protective order to the Court for consideration. The parties believe that the inadvertent disclosure of privileged documents is adequately addressed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. As discovery progresses, the parties may move for the entry of an appropriate protective order.

        **d.**      **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.** The parties agree to accept electronic service. The parties also agree to provide two weeks' notice before serving a third-party subpoena for documents to allow time for the other party to object before the subpoena is served. Otherwise, the parties do not require any limits on discovery beyond the limits imposed by the Federal Rules of Civil Procedure.

  **e.**  **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).** The parties do not seek any other orders at this time other than the Court's Scheduling Order under Rule 16(b).

  **8.**  **Settlement.** The parties have discussed the possibility of resolving this dispute but believe that such resolution is unlikely until after the parties have engaged in discovery. The parties have agreed to continue to discuss in good faith the possibility of an amicable resolution of this matter as the case progresses.

  **9.**  **The identity of persons expected to be deposed.** Plaintiff anticipates deposing decision makers, peers, subordinates, and human recourse professionals involved. At this time, Defendant anticipates taking the deposition of Plaintiff. Additional depositions may include persons identified through discovery.

  **10.**  **Estimated trial time and whether a jury demand has been timely made.** Plaintiff estimates that trial will last four to five days. Defendant estimates that trial in this matter can be completed in three to four days.

  **11.**  **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).** For Plaintiff: Brian Sanford and Elizabeth Sanford. For Defendant: Anthony Campiti and Catherine Barbaree.

  **12.**  **Whether the parties jointly consent to trial before a magistrate judge.** The parties do not jointly consent to trial before a magistrate judge.

  **13.**  **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.** None at this time.

Date:   May 11, 2023.

Respectfully submitted,

By: /s/ Anthony J. Campiti
    Anthony J. Campiti
      State Bar No. 00798092
    Catherine Barbaree
      State Bar No. 24098962

HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 969-1700
Facsimile:  (214) 969-1751
E-mail: tony.campiti@hklaw.com
E-mail: catherine.barbaree@hklaw.com

**ATTORNEYS FOR DEFENDANT**

/s/ Elizabeth J. Sanford
Brian Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**The Sanford Firm**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF YUNG LE**

## **CERTIFICATE OF SERVICE**

I certify that on May 11, 2023, a copy of this document was electronically filed. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

s/ Anthony J. Campiti<br>
Anthony J. Campiti