IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YUNG LE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-01071-ALM |
| | § | |
| LOCKHEED MARTIN CORPORATION, | § | |
| | § | |
| DEFENDANT. | § | |

## SCHEDULING ORDER

TO THE HONORABLE UNITED STATES DISTRICT COURT;

The following actions shall be completed by the date indicated[1]. (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested change).

**June 1, 2023**
(1 week after mgmt. conf.)
Deadline for motions to transfer

**July 6, 2023**
(6 weeks after mgmt. conf.)
Deadline to add parties

**October 12, 2023**
Mediation must occur by this date.

**August 31, 2023**
(Six weeks prior to mediation ddl)
Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one.

**August 3, 2023**
(10 weeks after mgmt. conf.)
Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof.

**August 17, 2023**
(12 weeks after mgmt. conf.)
Deadline for Plaintiff to file amended pleadings
(A motion for leave to amend is not necessary)

**August 31, 2023**
(14 weeks after mgmt. conf.)
Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof.

**6 weeks after disclosure of an**
Deadline to object to any other party's expert witnesses.

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

**EXHIBIT 1**

| | |
|---|---|
| **expert is made** | Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| **August 31, 2023** (14 weeks after mgmt. conf.) | Deadline for Defendant's final amended pleadings (A motion for leave to amend is not necessary). |
| **October 10, 2023** (14 weeks after mgmt. conf. but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order) | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions |
| **Defendant's Proposal: September 15, 2023** **Plaintiff's Proposal: November 11, 2023** (24 weeks after mgmt. conf.) | All discovery shall be commenced in time to be completed by this date |
| **January 18, 2024** (6 weeks before final pretrial conf.) | Notice of intent to offer certified records |
| **January 18, 2024** (6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **January 25, 2024** (5 weeks before final pretrial conf.) | Deposition Designation due. Each party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| **January 30, 2024** (30 days before final pretrial conf.) | Motions in limine due File Joint Final Pretrial Order. (See www.txed.uscourts.gov). |

| | |
|---|---|
| **February 15, 2024**<br>(2 weeks before final pretrial conf.) | Response to motions in limine due.[2]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections |
| **February 29, 2024** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| **To be determined** | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between April 1, 2024, and May 3, 2024. A specific trial date in this time frame will be selected at the Final Pretrial Conference |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.