IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YUNG LE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00031-O |
| | § | |
| LOCKHEED MARTIN CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff Yung Le's ("Le") Motion to Compel ("Motion") (EC No. 16); Defendant Lockheed Martin Corp's ("LHM") Response and appendix in support (ECF Nos. 26-27); and the parties' Joint Status Report (ECF No. 31). United States District Judge Reed O'Connor referred the Motion to the undersigned on January 25, 2024. The undersigned conducted a hearing on this matter yesterday. After considering the pleadings, status report, applicable legal authorities, and arguments at the hearing, the Court **GRANTS** the Motion (ECF No. 16) in part and **DENIES** it in part.

1. Interrogatory No. 12 asks for LHM's net worth, which Le argues is relevant because he seeks punitive damages. ECF No. 16 at 2-3. LHM objected to this interrogatory as irrelevant (among other things), but, as Le correctly argues, courts have consistently ordered discovery of the defendant's net worth where punitive damages are sought. ECF No. 16 at 3 (collecting cases); *see also, e.g.*, *Ellison v. Patterson-UTI Drilling Co., LLC*, No. CIV.A. V-08-67, 2009 WL 3247193, at *3 (S.D. Tex. Sept. 23, 2009); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("evidence of a [defendant]'s wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded")); *Bounds v. Cap. Area Fam. Violence*

*Intervention Ctr., Inc.*, No. CA 14-802-JJB-RLB, 2016 WL 1089266, at *7 (M.D. La. Mar. 18, 2016) (collecting cases). Here, Le seeks punitive damages, so the Court finds that LHM's net worth is relevant.

LHM's Response does not dispute Interrogatory No. 12's relevance but argues that by producing its 2021 and 2022 Annual Reports ("Annual Reports"), it fully responded to Interrogatory No. 12, because all of its financial information for those years "can be gleaned from [those] reports." ECF No. 26 at 8-9. Further, it recommends that Le "retain an expert to explain" the figures in the Annual Reports. ECF No. 31 at 4. Federal Rule of Civil Procedure 33(d) provides in pertinent part:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]

Fed. R. Civ. P. 33(d)(1). When relying on Rule 33(d) in an interrogatory answer, "an answering party must specify the information that the requesting party should review in sufficient detail to enable the requesting party to locate and identify the information in the documents at least as readily as an answering party could." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2021 WL 5176839, at *27 (N.D. Tex. Nov. 8, 2021) (cleaned up) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018)).

The Court finds that LHM's answer is unsatisfactory under Rule 33(d), as the Annual Reports do not "enable [Le] to locate and identify" LHM's net worth "at least as readily as [LHM] could." *VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *27 ("[The defendant] has not adequately responded to the question regarding his and his wife's net worth by pointing to tax returns[.]"); *see also Jackson v. Union Pac. R.R. Co.*, No. 419CV00069RGERAW, 2020 WL 11025591, at *4-5

(S.D. Iowa Mar. 18, 2020) (Where a publicly-held defendant directed the plaintiff to its public filings in answer to the plaintiff's net worth interrogatory, the court denied the motion to compel "conditionally and without prejudice[:] If by the close of discovery parties are unable to stipulate [defendant's net worth,]. . . [the plaintiff]'s seasonably renewed motion may require a supplemental answer directing [the defendant] to identify its net worth[.]"). Indeed, LHM's recommendation that Le hire an expert to help ascertain its net worth from the Annual Reports suggests as much. ECF No. 31 at 4.

LHM argues that Le's cited authorities are inapposite because they involve defendants that (1) were not publicly traded companies and (2) did not produce their annual reports in discovery. ECF No. 26 at 9. LHM is correct that the cases Le cited concerned the question of whether the defendant's net worth was relevant and discoverable at all. *See Smith v. DeTar Hosp. LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *8 (S.D. Tex. Dec. 14, 2011); *Regions Ins., Inc. v. Alliant Ins. Servs., Inc.*, No. 3:13-CV-667-HTW-LRA, 2015 WL 1886852, at *7 (S.D. Miss. Apr. 24, 2015); *Ferko*, 218 F.R.D. at 137-38; *Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-00662, 2021 WL 3206778, at *4 (E.D. Tex. July 29, 2021). But this has no bearing on whether LHM's answer satisfies Rule 33(d).

Also, LHM argued at yesterday's hearing that it could not characterize the Total Equity (Deficit) entry from the 2021 Annual Report as its net worth, in part because "net worth" is an amorphous term. *See also* ECF No. 31 at 4. But the "Court finds that the term 'net worth' is not too vague or indefinite." *Ellison v. Patterson-UTI Drilling Co., LLC*, No. CIV.A. V-08-67, 2009 WL 3247193, at *3 (S.D. Tex. Sept. 23, 2009); *see also Jackson*, 2020 WL 11025591, at *5 ("'Net worth' is not vague[, and] . . . [i]n the scheme of things, this is a relatively minor issue counsel should be able to resolve."); *McVay v. Halliburton Energy Servs. Inc.*, No. 3:07-CV-1101-O, 2010

WL 11583175, at *3 (N.D. Tex. June 18, 2010) ("Net worth is calculated by subtracting assets less liabilities.") (O'Connor, J.).

Accordingly, the Court **OVERRULES** LHM's objections to Interrogatory No. 12. LHM **SHALL SUPPLEMENT** its answer to Interrogatory No. 12 to specifically identify its net worth.

2. Request For Production ("RFP") Nos. 30-31 seek production of all documents and correspondence that mention or refer to any complaints or suits, including arbitration, that involve discrimination on the basis of race, age, or gender, filed by LHM's employees over the past ten years. ECF NO. 16 at 3-4. Le's suit asserts age and race discrimination, so complaints and suits involving age and race discrimination are relevant. Le argues that gender discrimination complaints also are relevant because LHM "asserts a gender discrimination complaint against [Le] as pretext for [Le]'s termination, making other prior gender discrimination and retaliation complaints relevant." ECF No. 16 at 5. The Court finds that only prior complaints and suits involving age and race discrimination are relevant, and it further finds that under these facts, production of documents from a ten-year time period across the entire company is not proportional to the needs of the case considering the factors set out in Federal Rule of Civil Procedure 26(b)(1). Accordingly, the Court **OVERRULES in part and SUSTAINS in part** LHM's objections to RFP Nos. 30-31. LHM **SHALL PROVIDE** all responsive documents in its possession and control pertinent to these RFPs for all age and race, but not gender, discrimination complaints and lawsuits, for the past five years only involving its offices and facilities in Texas.

3. RFP Nos. 2 and 22-23 seek all communications, including documents, memoranda, letters, or correspondence, that mention or refer to Le. ECF No. 16 at 9-10. Le proposed two limitations to the request, but LHM rejected both as overly burdensome. ECF No. 26 at 17-18. The Court recognizes the burdensome nature of these requests, but it also recognizes the importance of

this information to Le's case. Accordingly, the Court **OVERRULES in part and SUSTAINS in part** LHM's objections to RFP Nos. 2 and 22-23. LHM **SHALL PROVIDE** all responsive documents in its possession and control pertinent to these RFPs, limited in accordance with Le's "Second Proposal to Limit the Request" (as described in ECF No. 31 at 3 and ECF No. 16 at 11), except that LHM **SHALL** only **PROVIDE** the communications of Randy Howard, Tara Lause, Janelle Spintig, Kaci Dobbs, Erin Mosley, and Ana Wugofski.

4.   RFP Nos. 3-6 ask for the personnel files for Randy Howard, employees within Le's department, Le's supervisors, as well as "all disciplinary documents created by" LHM. ECF No. 16 at 11-13. The Court finds these RFPs overly broad as they are currently phrased. Accordingly, the Court **OVERRULES in part and SUSTAINS in part** LHM's objections to RFP Nos. 3-6. LHM **SHALL PROVIDE** all responsive documents in its possession and control pertinent to these RFPs, limited to those documents which involve adverse employment actions concerning only the persons identified as potential witnesses and comparators in this case.

LHM **SHALL COMPLY** with this Order and deliver to Le (1) a full, complete, and verified answer to interrogatory No. 12; and (2) all responsive documents in its possession and control, subject to the exceptions discussed above, pertinent to RFP Nos. 2-6, 22-23, and 30-31 **on or before February 27, 2024**. Also by that date, LHM shall promptly file proof of delivery.

It is so **ORDERED** on February 6, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE